UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | |
|---|---|
| GOLDMAN SACHS BANK USA<br>a New York State-chartered Bank,<br><br>    *Plaintiff*,<br><br>vs.<br><br>M/Y NATITA, a Cayman Islands registered vessel, Official No.: 737677, No. Year & Port of Registry: 57 in 2005, her engines, tackle, furniture, apparel, appurtenances, etc. *in rem*,<br><br>AVID LIMITED, a Cayman Islands excepted company, *in personam*<br><br>WILLIAM M. KALLOP, a Texas resident, in his individual capacity as Guarantor, *in personam*<br><br>AND<br><br>OFFSHORE EXPLORATION AND PRODUCTION, LLC, a Delaware limited liability company in its capacity as Guarantor, *in personam*<br><br>    *Defendants*. | CASE NO. _____ |

## VERIFIED COMPLAINT

Plaintiff, GOLDMAN SACHS BANK USA ("Plaintiff" or "GS Bank"), a New York State-chartered bank with principal office in New York, New York, USA, sues the Defendants, M/Y NATITA, a Cayman Islands registered vessel with Official Number 737677, No. Year & Port of Registry: 57 in 2005, her engines tackle, furniture, apparel, appurtenances, etc., (the "Vessel"), *in rem,* and AVID LIMITED ("AVID"), a Cayman Islands excepted company,

WILLIAM M. KALLOP ("Kallop"), a Texas resident, and OFFSHORE EXPLORATION AND PRODUCTION, LLC ("Offshore"), a Delaware limited liability company, *in personam*, and alleges:

1. This is an action based upon this Court's federal question jurisdiction pursuant to 46 U.S.C. § 31325(b) and (c) because it involves the foreclosure of a first priority statutory ship mortgage.

2. In addition, this Court has admiralty jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1333.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 of any and all other claims that arise from the facts set forth below.

4. Plaintiff, GS Bank, invokes Rule 9(h) of the Federal Rules of Civil Procedure for this suit.

5. Notice is hereby given that under Fed. R. Civ. P. 44.1, Plaintiff, GS Bank, will rely on foreign law from the Cayman Islands in addition to U.S. law.

6. **Plaintiff.** Plaintiff, GS Bank, is a New York State-chartered bank whose principal office is in New York, New York, USA. Its address is 200 West Street, New York, New York, USA. GS Bank's primary activities include lending to private wealth management clients of its affiliate Goldman, Sachs & Co. (GS&Co.), to institutional and corporate clients and to retail customers, engaging in interest rate, credit, currency, commodity and equity derivatives and related products for the purpose of market making and risk management, and accepting deposits from private wealth management clients and online retail customers. Plaintiff is the real party in interest in this matter and has the right to foreclose the First Priority Statutory Ship Mortgage described below.

7. ***Defendant in rem: M/Y NATITA.*** The Vessel is an approximately 216.6 foot 2005 Oceanco Twin Screw Diesel Motor Yacht, Official Number 737677, No. Year & Port of Registry: 57 in 2005, George Town, Cayman Islands. The Vessel is registered on the Register of Ships in the Cayman Islands in the name of AVID Limited, as owner, pursuant to the Merchant Shipping Law (2011 Revision). The Vessel is currently in the navigable waters within the Southern District of Florida and this Court's jurisdiction. The Vessel is currently located at the Rybovich Marina, 4200 N. Flagler Drive, West Palm Beach, Florida 33407.

8. ***Defendant in personam: AVID Limited.*** Defendant AVID is an excepted company organized under the laws of the Cayman Islands with principal place of business in West Palm Beach, Florida, USA. Defendant AVID's known address is 3525 Village Boulevard, Suite 402, West Palm Beach, Florida 33409. At all times material hereto, Defendant AVID was and is the owner of the Vessel.

9. ***Defendant in personam: William M. Kallop.*** Defendant Kallop is a natural person residing in Houston, Texas, USA. Defendant Kallop's known address is 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

10. ***Defendant in personam: Offshore Exploration and Production, LLC.*** Offshore is a Delaware limited liability company, with principal place of business in Houston, Texas, USA. Offshore's known address is 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

11. ***Factual Background.*** On February 10, 2014, Defendant AVID executed and delivered to Plaintiff, GS Bank, a loan agreement (the "<u>Loan Agreement</u>," attached hereto as <u>Exhibit A</u>), pursuant to which GS Bank agreed to make loans to AVID in the aggregate principal amount of up to Thirty-Two Million United States Dollars ($32,000,000.00) (the "<u>Loans</u>") to refinance the cash purchase price of the Vessel and another vessel. The Loans had a maturity

3

date of December 10, 2016. The Loans are further evidenced by a Note (the "Note," attached hereto as **Exhibit B**) issued by AVID in favor of GS Bank.

12. AVID secured the payment of the Loans by executing and delivering a Deed of Covenants in favor of GS Bank (the "Deed," attached hereto as **Exhibit C**). Contemporaneously with the execution of the Deed, AVID also executed and granted a Cayman Islands Statutory Mortgage (the "Mortgage," attached hereto as **Exhibit D**) on the Vessel in favor of GS Bank to secure the due and punctual payment of the Loans. The Mortgage was duly recorded with the Registrar of Shipping in the Cayman Islands against the Vessel and constitutes a valid first priority statutory ship mortgage over the Vessel and a valid preferred maritime lien on the Vessel. A copy of the Cayman Islands Transcript of Registry, dated February 10, 2014, and showing the Mortgage properly recorded against the Vessel is attached hereto as **Exhibit E**.

13. In connection with the transactions contemplated by the Loan Agreement, each of Defendant Kallop and Defendant Offshore executed and delivered a Guaranty (the "Guaranty," attached hereto as **Exhibit F**) for the benefit of GS Bank, jointly and severally guaranteeing AVID's payment of the Loans and other obligations under the Loan Agreement.

14. On March 11, 2016, AVID executed and delivered to GS Bank an agreement that amended and restated the Loan Agreement (the "Amended and Restated Loan Agreement," attached hereto as **Exhibit G**). Under the Amended and Restated Loan Agreement, the Loans became payable upon demand. In connection with the Amended and Restated Loan Agreement, the Note was amended and restated (the "Amended and Restated Note," attached hereto as **Exhibit H**), the Deed was amended (the "Amendment to the Deed of Covenants," attached hereto as **Exhibit I**), and the Guaranty was amended (the "First Amendment to the Guaranty," attached hereto as **Exhibit J**). In the Amendment to the Deed of Covenants, AVID expressly

acknowledged and ratified the existence and priority of the security interests granted by AVID in favor of GS Bank in and to the Vessel, and represented, warranted, and covenanted that such liens were valid, existing, and in full force and effect. (*See* Exhibit I at Section 6).

15.  By November 30, 2016, Defendant AVID was in default under the Amended and Restated Loan Agreement and Defendants Kallop and Offshore were in default under the Guaranty. On that date, AVID, as borrower, and Kallop and Offshore, as guarantors, agreed to modify certain terms of the Amended and Restated Loan Agreement (the "First Amendment to Amended and Restated Loan Agreement," attached hereto as **Exhibit K**).

16.  On March 9, 2017, AVID and GS Bank agreed, pursuant to a Letter Agreement regarding Additional Conditions (the "Letter Agreement," attached hereto as **Exhibit L**),[1] among other things, that AVID would provide, or cause to be provided, additional collateral for the Amended and Restated Loan Agreement and AVID would undertake, and cause Kallop and/or Offshore to undertake, additional conditions.

17.  None of the additional conditions agreed by AVID in the Letter Agreement had been satisfied by June 2, 2017. Accordingly, Plaintiff, GS Bank, issued a demand for payment letter to Defendant AVID on June 2, 2017 (the "Demand Letter," attached hereto as **Exhibit M**), pursuant to which AVID was obligated to pay in full in cash all obligations under the Amended and Restated Loan Agreement (as amended), including, without limitation, principal, interest, fees, expenses, indemnification rights, applicable duties and taxes, and any applicable penalties on or before June 9, 2017.

---

[1] The Letter Agreement (Exhibit L), together with the Mortgage (Exhibit D), the Guaranty (Exhibit F), the Amended and Restated Loan Agreement (Exhibit G), the Amended and Restated Note (Exhibit H), the Amendment to the Deed of Covenant (Exhibit I), the First Amendment to the Guaranty (Exhibit J), and the First Amendment to Amended and Restated Loan Agreement (Exhibit K) are hereinafter referred to, collectively, as the "Loan Documents."

18. On June 12, 2017, GS Bank issued a notice (the "Notice of Additional Payment Default," attached hereto as **Exhibit N**) to Defendants AVID, Kallop, and Offshore that a payment default had occurred under the Amended and Restated Loan Agreement (as amended) because AVID had failed to make the required payment by June 9, 2017.

19. As of July 7, 2017, AVID owes GS Bank a total of $28,413,689.67 under the Amended and Restated Loan Agreement (as amended), and Defendants AVID, Kallop, and Offshore continue to be in default under the Loan Documents.

20. Plaintiff, GS Bank, has satisfied any and all conditions precedent for purposes of filing this suit.

21. Plaintiff, GS Bank, is entitled to recover its reasonable attorneys' fees, costs and expenses as well as all outstanding obligations under the Amended and Restated Loan Agreement (as amended), including, without limitation, principal, interest, fees, expenses, indemnification rights, applicable duties and taxes, and any applicable penalties from the *in rem* Defendant, *M/Y NATITA*, and the *in personam* Defendants, pursuant to the terms of the respective Loan Documents.

WHEREFORE, based on the foregoing facts, Plaintiff, GS Bank, respectfully requests the following relief from this Honorable Court:

    a) That judgment be entered in favor of Plaintiff, GS Bank, and against *in rem* Defendant, M/Y NATITA, Official Number 737677, No. Year & Port of Registry: 57 in 2005, George Town, Cayman Islands; and *in personam* Defendants AVID LIMITED, WILLIAM M. KALLOP, and OFFSHORE EXPLORATION AND PRODUCTION, LLC, jointly and severally, for any and all amounts owing under the Loan Documents, including, without limitation,

principal, interest, fees, expenses, indemnification rights, applicable duties and taxes, and any applicable penalties, in an amount, as of July 7, 2017, not less than $28,413,689.67, plus accruing interest, attorneys' fees, costs, and expenses, including *custoida legis* expenses and U.S. Marshal or other custodian's fees, expenses, and commission;

b) That all persons claiming any interest in the Vessel may be cited to appear and answer to the matters aforesaid and that said Vessel may be condemned and sold to pay the obligations under the Loan Documents, including, without limitation, principal, interest, fees, expenses, indemnification rights, applicable duties and taxes, and any applicable penalties, in an amount, as of July 7, 2017, not less than $28,413,689.67, plus accruing interest, attorneys' fees, costs, and expenses, including *custoida legis* expenses and U.S. Marshal or other custodian's fees, expenses, and commission, and that Plaintiff may credit bid up to the amount of its judgment at a U.S. Marshal's sale of the Vessel;

c) That the Mortgage, dated February 10, 2014, executed and delivered by AVID Limited be declared to be a valid and subsisting lien upon said Vessel superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever, except such persons, firms or corporations as have preferred maritime liens over said Vessel;

d) That all persons, firms, and corporations claiming any interest in the Vessel be forever barred and foreclosed of all right or equity redemption of claim of, in, or to the Vessel;

e) That this Court shall direct the manner in which actual notice of the commencement of this suit shall be given by Plaintiff to the master, ranking officer or caretaker of the Vessel, and to any persons, firms or corporations having interest therein;

f) That Plaintiff receive such other and further relief as this Honorable Court deems just and proper.

Dated July 12, 2017

                                        Respectfully submitted,

                                        /s/Patrick E. Novak  
                                        Patrick E. Novak Esq.  
                                        Florida State Bar No. 0838764  
                                        pnovak@admiral-law.com  
                                        **HORR, NOVAK & SKIPP P.A.**  
                                        Telephone: 305-670-2525  
                                        Facsimile: 305-670-2526  
                                        Two Datran Center, Suite 1700  
                                        9130 South Dadeland Boulevard  
                                        Miami, FL33156  
                                        **Attorneys For Plaintiff**

*Of Counsel*:

| John J. Michael | Robert Reyes Landicho |
|---|---|
| Federal ID No. 36495 | Federal ID No. 2385729 |
| Texas State Bar No. 24041480 | Texas State Bar No. 24087881 |
| Telephone: 713-758-3694 | Telephone: 713-758-2193 |
| Facsimile: 713-615-5231 | Facsimile: 713-615-5182 |
| jmichael@velaw.com | rlandicho@velaw.com |
| Vinson & Elkins, LLP | Vinson & Elkins, LLP |
| 1001 Fannin Street, Suite 2500 | 1001 Fannin Street, Suite 2500 |
| Houston, Texas 77002 | Houston, Texas 77002 |

## VERIFICATION

STATE OF FLORIDA           )
                           ) SS:
COUNTY OF MIAMI-DADE       )

PATRICK E. NOVAK, being duly sworn, deposes and says:

1. My name is Patrick E. Novak, I am at least twenty-one years of age, and the attorney of record for the Plaintiff, Goldman Sachs Bank USA.

2. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true upon information and belief.

3. Pursuant to Local Admiralty Rule A(5), the reason that I make this verification is that I am Plaintiff's attorney of record, and Plaintiff has no corporate officer within the District.

4. My knowledge of the facts set forth in this Complaint is based upon representations made to me by the Plaintiff's representatives, and a review of the documentation they provided to me.

5. The Verified Complaint is true to the best of my knowledge or information and belief.

6. I am authorized to make this representation on behalf of the Plaintiff, Goldman Sachs Bank USA.

Pursuant to 28 U.S.C. § 1746(2), I, PATRICK E. NOVAK, verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 12, 2017.

/s/Patrick E. Novak
PATRICK E. NOVAK
HORR, NOVAK & SKIPP P.A.